OPINION
Defendant-appellant Glenn Lyle Cleveland appeals the May 28, 1999 Judgment Entry of the Stark County Court of Common Pleas, which memorialized a jury verdict and found appellant guilty of possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
In the early morning hours of March 23, 1999, Officers Bruce Lauver and Kevin Clary of the Canton Police Department were on routine patrol in the area surrounding the Hillview Apartment Complex in Canton, Ohio. Officers Lauver and Clary had conducted uniformed patrols of this area for approximately three years and were very familiar with the area. The Hillview Apartment Complex was known to the officers as an area of drug activity. Officers Lauver and Clary noticed an unfamiliar car in the parking lot of the Hillview Apartment Complex and approached the driver, Melanie Buttermore. Ms. Buttermore explained she was waiting for appellant, who had gone into the apartment complex. While Officer Clary spoke to Ms. Buttermore, Officer Lauver walked to the entrance of the building and waited. As he stood outside the entrance, Officer Lauver saw no drugs or drug paraphernalia on the ground. Officer Lauver went inside the building. As he stood in the foyer, he heard voices coming from the upstairs level of the building. Appellant came down the steps and into the foyer, but, because of the layout of the foyer, appellant did not immediately see Officer Lauver. Appellant had just stepped out of the building when Officer Lauver called out to appellant. Appellant appeared surprised and immediately opened his hand revealing what Officer Lauver recognized to be a crack pipe. Officer Lauver watched as the crack pipe and some other items fell to ground from appellant's hand. As the items dropped, appellant turned toward Officer Lauver, stepping on the glass pipe and breaking it. Officer Lauver placed appellant under arrest. Officer Clary took control of appellant while Officer Lauver recovered the crack pipe and other objects he had seen appellant drop to the ground. In addition to the crack pipe, Officer Lauver recovered three items which appeared to be rocks of crack cocaine, all within a 2 foot radius of where appellant had been standing. Laboratory tests revealed the rocks were actually crack cocaine and the glass pipe tested positive for the presence of traces of cocaine. The Stark County Grand Jury returned an indictment charging appellant with one count of possession of cocaine, in violation of R.C.2925.11(A). Appellant plead not guilty to the charge and on May 25, 1999, the case proceeded to a jury trial. After deliberations the jury returned a verdict of guilty on the sole count of the indictment. In a May 28, 1999 Judgment Entry, the trial court memorialized the jury's verdict and found appellant guilty. In a June 29, 1999 Judgment Entry, the trial court imposed a six month prison term for the offense. It is from these two judgment entries appellant prosecutes this appeal assigning as error the following:
 THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I., SECTION 10 OF THE OHIO CONSTITUTION.
 I
In his sole assignment of error, appellant maintains the jury verdict was against the manifest weight and the sufficiency of the evidence. We disagree. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence. Possession of cocaine is defined in R.C. 2925.11. The statute provides, in relevant part: (A) No person shall knowingly obtain, possess, or use a controlled substance.
Appellant maintains appellant's proximity to the items found to be crack cocaine was not sufficient to find appellant possessed the items. Further, appellant contends because no finger print tests were performed on the pipe, the evidence presented at trial was somehow less credible. Officer Lauver testified he saw appellant drop items later determined to be a crack pipe and crack cocaine. If believed, this evidence was sufficient to convict appellant of possession of cocaine. We find the jury's verdict was not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
The May 28, 1999 Judgment Entry finding appellant guilty and the June 29, 1999 Judgment Sentencing Entry are affirmed.
WISE, J. and READER, V.J. CONCUR.